*United States v. Thompson,* 80 F.3d 368, 371 (9th Cir.1996).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Oscar LOPEZ–SERRANO, aka Mosca, Defendant–Appellant.**

**No. 06–50522.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Becky S. Walker, Esq., Tracy L. Wilkison, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Vicki Marolt Buchanan, Esq., Newport Beach, CA, for Defendant–Appellant.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Oscar Lopez–Serrano appeals from the district court's decision that it would not have imposed a materially different sentence following a limited remand under *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lopez–Serrano contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court relied on arguments that the government did not previously articulate, and because it compared his sentence to that of a co-defendant whose sentence was imposed and affirmed prior to *Booker*. However, our review of a district court's decision not to resentence a defendant following a remand pursuant to *Ameline* is limited to whether "the district [court] properly understood the full scope of [its] discretion" under *Booker*. *See United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006). We conclude that the record reflects that the district court "understood [its] post-*Booker* authority to impose a non-Guidelines sentence." *See id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.